# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| NOBELBIZ, INC., | § | |
| | § | |
| Plaintiff | § | Civil Action No. 6:12-cv-00244-MHS |
| | § | |
| v. | § | |
| | § | |
| GLOBAL CONNECT, L.L.C. | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT GLOBAL CONNECT, L.L.C.'S DISCLOSURES OF INVALIDITY**
**CONTENTIONS AND ACCOMPANYING DOCUMENT PRODUCTION**

Defendant Global Connect, L.L.C. ("Global Connect") hereby makes its Disclosure of Invalidity Contentions and Document Production Accompanying Invalidity Production according to Rules of Patent Cases before the Eastern District of Texas, P.R. 3-3 and 3-4.

Under P.R. 3-3, Global Connect hereby asserts these invalidity contentions to Plaintiff NobelBiz, Inc. ("Plaintiff").

**I.      P.R. 3-3: Invalidity Contentions**

Global Connect has endeavored to prepare its contentions to be as accurate as possible based on the information currently in its possession, including publicly available information. Global Connect's discovery and investigation in connection with this lawsuit are continuing, and, thus, these disclosures are based on information obtained to date. To the extent that Global Connect obtains additional information, Global Connect reserves the right to supplement these invalidity contentions.

Plaintiff has asserted Global Connect is infringing all claims of the United States Patent No. 8,135,122 ("the '122 Patent). Global Connect's Invalidity Contentions are based in whole or in part on its present understanding of the asserted claims (Claims 1-24), Plaintiff's apparent

construction of claim elements in Plaintiff's Disclosure of Asserted Claims and Infringement Contentions With Accompanying Document Production, served on March 18, 2013 ("Plaintiff's P.R. 3-1 Disclosures"), and Plaintiff's apparent construction of claim elements in Plaintiff's Application For Preliminary Injunction (Doc # 7) (now withdrawn).

Accordingly, Global Connect's Invalidity Contentions take into account alternative and potentially inconsistent positions as to claim construction and scope.  In this regard, Plaintiff's disclosed and apparent constructions, as well as Plaintiff's application of those constructions, are both confusing and at the very least broader than Global Connect's understanding of the claims terms, and thus references that anticipate under Global Connect's claim construction would also anticipate under Plaintiff's claims constructions.

Further, by including prior art that would anticipate or render obvious claims based on Plaintiffs' disclosed and apparent claim constructions or any other particular claim construction, Global Connect is not adopting Plaintiff's claim constructions or admitting to the accuracy of any particular claim construction. Global Connect reserves all rights to amend these invalidity contentions after the Court issues its claim construction ruling, or if Plaintiff amends its infringement contentions.

The charts attached to these Invalidity Contentions list specific examples of where prior art references disclose, either expressly or inherently, each limitation of the asserted claims and/or examples of disclosures in view of which a person of ordinary skill in the art would have considered each limitation, and therefore the claim as a whole, obvious.  Global Connect has endeavored to identify the most relevant portions of these references. The references, however, may contain additional support for particular claim limitations.

Global Connect may rely on un-cited portions of the prior art references, other documents

including statements in the cited references and file history for the '122 Patent, and expert testimony to provide context or to aid in understanding the cited portions of the references. Furthermore, where Global Connect cites to a particular figure in a reference, the citation should be understood to encompass the caption and description of the figure and any text relating to the figure. Similarly, where Global Connect cites to particular text referring to a figure, the citation should be understood to include the corresponding figure as well.

## A.   P.R. 3-3(a): Identity of Prior Art

Global Connect contends that each of Claims 1-24 of the '122 Patent are invalid as anticipated under 35 U.S.C. § 102.

Under P.R. 3-3(a), Global Connect identifies the following prior art now known to it as anticipating Claims 1-24 of the '122 Patent, either expressly, implicitly, or inherently as understood by a person having ordinary skill in the art.   Each of the prior art patents, publications, and systems, anticipates the asserted claims. In some instances, Global Connect has treated certain prior art as anticipatory where certain elements are inherently present in view of, and based upon, Plaintiff's apparent claims construction in Plaintiff's infringement contentions.

### 1.   Anticipation

The follow prior art patents are prior art under at least 35 U.S.C. §§ 102(a) and/or 102(b).

| | PATENTS | | | | |
|---|---|---|---|---|---|
| | Patent No. | Country of Origin | Date of Issue | Inventor | Title |
| 1 | 5,590,184 | U.S. | 12/31/1996 | London | Communications privacy protection system by replacing calling party number with non-assigned number |

| | | PATENTS | | | |
|---|---|---|---|---|---|
| | **Patent No.** | **Country of Origin** | **Date of Issue** | **Inventor** | **Title** |
| 2 | 5,901,209 | U.S. | 5/4/1999 | Tannenbaum, *et al.* | Caller ID substitution for selected telephone callers |
| 3 | 7,756,253 | U.S. | 7/13/2010 | Breen, *et al.* | Methods and systems for providing foreign call back number compatibility for VoIP E9-1-1 calls |
| 4 | 7,640,009 | U.S. | 12/29/2009 | Belkin, *et al.* | Method and apparatus to provide a selectable caller identification |
| 5 | 7,925,003 | U.S. | 4/12/2011 | Haug, Jr., *et al.* | Call center management systems |
| 6 | 8,027,332 | U.S | 9/27/2011 | Martin, *et al.* | Virtual telephone extension |

The follow prior art patent applications are prior art under at least 35 U.S.C. §§ 102(a) and/or 102(b).

| | | PATENT APPLICATIONS | | | |
|---|---|---|---|---|---|
| | **Patent Appl. No.** | **Country of Origin** | **Date of Publ.** | **Inventor** | **Title** |
| 7 | 20050053213 | U.S. | 3/10/2005 | Giannoit | Local number provisioning system and method |
| 8 | 20060140200 | U.S. | 6/29/2006 | Black, *et al.* | User-controlled telecommunications system |

The follow prior art publications are prior art under at least 35 U.S.C. §§ 102(a) and/or 102(b) (and also evidence the invention was offered for sale, publicly used and known under 35 U.S.C. §§ 102(b)).

*LV 419985492v1*

| | PRIOR ART PUBLICATIONS |
|---|---|
| 9 | Lippincott, Melanie G., *Users Guide* (September 2004), Global Connect Strategic Voice Broadcasting, produced by Global Connect, (September 15, 2004). |
| 10 | Torrone, Phillip, *Questions about the Caller ID falsification service answered*, www.engadget.com (August 31, 2004). |

The following systems are prior art under at least 35 U.S.C. §§ 102(a), 102(b), and/or 102(g).  Such systems were (1) known or used in this country before the alleged invention of the claimed subject matter of the asserted claims, (2) were in public use and/or on sale in this country more than one year before the filing date of the patent, and/or (3) was invented by another who did not abandon, suppress, or conceal, before the alleged invention of the claimed subject matter of the asserted claims.

| | PRIOR ART SYSTEM |
|---|---|
| 11 | Global Connect's 2004 System[1] – The system that Global Connect built and utilized on or before September 2004 for broadcasting pre-recorded messages for its customers via telephone (VoIP protocol). <br><br> Global Connect's 2004 System was a system that Global Connect was commercially using to perform broadcasting services sold by Global Connect on or before September 2004. <br><br> Global Connect's 2004 System was publicly used and/or known on or before September 2004. <br><br> Global Connect's 2004 System and its use were known by Global Connect, including by Darrin Bird, who was Vice President of Global Connect in September 2004 (and is now Vice President and COO of Global Connect). <br><br> *Associated References* <br><br> Users Guide (September 2004), Global Connect Strategic Voice Broadcasting, produced by Global Connect, created and written by Melanie G. Lippincott (dated September 15, 2004). |

---

[1] To avoid any confusion in reference to Global Connect's System, Global Connect has referred to its system that was in use by Global Connect in September 2004 as "Global Connect's  2004 System." Nonetheless, this is the same system and performs the same processes. Bird Decl. ¶ 17. Information regarding Global Connect's System, including Global Connect's 2004 System, is found at Bates Nos. GC000434-GC000833.

*LV 419985492v1*

| 12 | TCN prior art method and system-- |
|----|-----|
| | As of at least 2004, joint defendant TCN, Inc. ("TCN") provided its customers with the ability to enter any of their phone numbers to be displayed on the recipient's caller ID. When setting up a calling group, TCN obtained from the user a phone number to be used as the caller ID. Customers with multiple local phone numbers (for example, a west coast number and an east coast number) could create separate groups (for example, a west coast group and an east coast group) and associate each group with the geographically-appropriate number. Global Connect understands that TCN expects that its evidence about the TCN prior art method will be further explained and corroborated by witness testimony. |
| | Documentation and the claim chart related to this prior art is to be provided by TCN, which is incorporated into this response. |

The following other prior art are prior art under at least 35 U.S.C. §§ 102(a) and/or 102(b).

| OTHER PRIOR ART | |
|----|-----|
| 13 | Federal Regulations: |
| | Before October 2005, federal statutes and regulations existed that relate to the presentation of caller ID by telemarketers.  Specifically, FCC regulations required that telemarketers present one of: (1) a number assigned to the telemarketer by its carrier; (2) the specific number from which a sales representative placed a call; (3) the number for the party on whose behalf the telemarketer is making the call; (4) or the seller's customer service number. These regulations were publicly known and were reflected in printed publications. TCN reserves the right to use witness testimony to explain and corroborate information in such regulations. |
| | *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Section XII. Caller Identification, Federal Communications Commission (July 3, 2003) available at: http://hraunfoss.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf |

## 2.      Obviousness

Global Connect contends that each of Claims 1-24 of the '122 Patent are invalid as obvious under 35 U.S.C. § 103.

Each anticipatory prior art reference disclosed in the preceding section, either alone or in combination with other prior art, also renders the asserted claims invalid as obvious. In

6

particular, each anticipatory prior art reference may be combined with (1) information known to persons skilled in the art at the time of the alleged invention, (2) any of the other anticipatory prior art references, and/or (3) any of the additional prior art identified below in this section. To the extent that Plaintiff contends that any of the anticipatory prior art fails to disclose one or more limitations of the asserted claims, Global Connect reserves the right to identify portions of the primary invalidity references and additional prior art references that, when combined with other portions of the primary references, would render the claims obvious despite the allegedly missing limitation.

### a.      Additional Prior Art

Global Connect identifies the following additional prior art references that either alone or in combination with other prior art (including any of the above anticipatory prior art and additional prior art disclosed in this section) renders the asserted claims invalid as obvious under 35 U.S.C. § 103. Global Connect identifies the following patents, printed publication, and product literature that are pertinent to invalidity of the asserted claims. Global Connect may rely on these references as invalidating prior art, evidence of the knowledge of those skilled in the art, and/or evidence to support a motivation to combine or modify other prior art.

### Patents

| PATENTS | | | | |
|---|---|---|---|---|
| Patent No. | Country of Origin | Date of Issue | Inventor | Title |
| 5,095,505 | U.S. | 3/10/1992 | Finucane, *et al.* | Efficient flexible special service call processing |
| 5,274,699 | U.S. | 12/28/1993 | Ranz | Method for providing caller identification to a call recipient |

*LV 419985492v1*

| PATENTS | | | | |
|---|---|---|---|---|
| Patent No. | Country of Origin | Date of Issue | Inventor | Title |
| 5,740,538 | U.S. | 4/14/1998 | Joyce, *et al.* | System and method for identifying the location of a wireless terminal |
| 6,324,272 | U.S. | 11/27/2001 | Abu-Shukhaidem, *et al.* | Telecommunication calling party number determination and manipulation |
| 6,330,327 | U.S. | 12/11/2001 | Lee, *et al.* | Intelligent area code update system and method |
| 6,556,818 | U.S. | 4/29/2003 | Meehan | Fixed calling party pays charges |
| 6,643,363 | U.S. | 11/4/2003 | Miura | Telephone number relocation guidance system |
| 6,546,238 | U.S. | 4/8/2003 | Nightingale, *et al.* | Calling party pays system bypass |
| 6,608,892 | U.S. | 8/19/2003 | Shaffer, *et al.* | Automatic routing and information system for telephone services |
| 6,661,882 | U.S. | 12/9/2003 | Muir, *et al.* | System and method for automated telephone message routing using an altered ANI |
| 6,662,006 | U.S. | 12/9/2003 | Glass | Method and apparatus for providing calling number identification alias in communications system |
| 6,684,336 | U.S. | 1/27/2004 | Banks, *et al.* | Verification by target end system of intended data transfer operation |
| 6,700,972 | U.S. | 3/2/2004 | McHugh, *et al.* | System and method for processing and collecting data from a call directed to a call center |

*LV 419985492v1*

| PATENTS | | | | |
|---------|--|--|--|--|
| Patent No. | Country of Origin | Date of Issue | Inventor | Title |
| 6,714,535 | U.S. | 3/30/2004 | Herh | Method and system for unlimited use of telephony services over a data network without incurring long distance calling tolls |
| 6,813,344 | U.S. | 11/2/2004 | Lemke | Method and system for providing information for identifying callers based on a partial number |
| 6,901,266 | U.S. | 5/31/2005 | Henderson | Method and apparatus for an improved call interrupt feature in a cordless telephone answering device |
| 6,941,159 | U.S. | 9/6/2005 | Tsai, *et al.* | Method for automatically converting a stored telephone number of cellular phone for dialing in a different country |
| 6,975,718 | U.S. | 12/13/2005 | Pearce, *et al.* | Automated route plan generation |
| 7,020,256 | U.S. | 3/28/2006 | Jain, *et al.* | Dynamic telephone numbering system |
| 7,027,575 | U.S. | 4/11/2006 | Burgess | Method and apparatus for assigning telephone numbers |
| 7,099,445 | U.S. | 8/29/2006 | Creamer, *et al.* | Name-alias based delivery of subscriber services |
| 7,280,646 | U.S. | 10/9/2007 | Urban, *et al.* | Dynamic Caller ID messaging |
| 7,340,262 | U.S. | 3/4/2008 | Gillespie, *et al.* | Method and system for providing location-sensitive call management services to a mobile subscriber |
| 7,346,156 | U.S. | 3/18/2008 | Choupak, *et al.* | Methods and apparatuses for placing a telephone call |
| 7,602,894 | U.S. | 10/13/2009 | Shaffer, *et al.* | Method and system for caller |

9

| PATENTS | | | | |
|---------|---|---|---|---|
| **Patent No.** | **Country of Origin** | **Date of Issue** | **Inventor** | **Title** |
| | | | | association |
| 8,040,875 | U.S. | 10/18/2011 | Barclay, *et al.* | Network support for caller ID verification |
| JP2004112253 (Abstract) | Japan | 4/8/2004 | Nonaka | Silent Mode Ringer Tone Ringing – Terminal Connection Service System And Mobile Terminal For The System |

**Patent Applications**

| PATENT APPLICATIONS | | | | |
|---------------------|---|---|---|---|
| **Patent Appl. No.** | **Country of Origin** | **Date of Publ.** | **Inventor** | **Title** |
| 20020018547 | U.S. | 2/14/2002 | Takae, *et al.* | Telephone directory information modifying apparatus |
| 20020061100 | U.S. | 5/23/2002 | DiCamillo, *et al.* | Virtual telephony |
| 20020080942 | U.S. | 6/27/2002 | Clapper | Origin-independent custom caller ID |
| 20020146111 | U.S. | 10/10/2002 | Hayashi | Method and telephone device for exchanging calls from plural areas with a single exchange |
| 20020181681 | U.S. | 12/5/2002 | Mani | Personalized calling party ID display service |
| 20030007616 | U.S. | 1/9/2003 | Alves. *et al.* | System and method for providing customized caller ID information |
| 20040017899 | U.S. | 1/29/2004 | Garfinkel, *et al.* | Caller ID generation |

10

| PATENT APPLICATIONS | | | | |
|---|---|---|---|---|
| Patent Appl. No. | Country of Origin | Date of Publ. | Inventor | Title |
| 20040120477 | U.S. | 6/24/2004 | Nguyen, *et al.* | System and method for providing custom caller-ID messages |
| 20050105705 | U.S. | 5/19/2005 | Elcock, *et al.* | Personalized caller identification |
| 20060104433 | U.S. | 5/18/2006 | Simpson, *et al.* | Call center campaign system |
| 20070064895 | U.S. | 3/22/2007 | Wong, *et al.* | System and method for telephone call information aliasing |
| 20070263819 | U.S. | 11/15/2007 | Finkelman, *et al.* | System and method for anonymous telephone communication |
| 20080089501 | U.S. | 4/17/2008 | Benco, *et al.* | Caller ID spoofing |
| 2,358,221 | Canada | 4/3/2002 | Strand, *et al.* | Dynamic Caller-ID Substitution |
| EP0944229 | EP | 9/22/1999 | Winsor, *et al.* | System and method for communicating information through a telephone network |
| WO1997033418 | PCT | 9/12/1997 | Scherer | System For Providing Caller Information To Called Party Via Call Standard Data Field |

**Publications**

| PRIOR ART PUBLICATIONS |
|---|
| Cheng-Shin Chang, "Efficient End-to-End Authentication Protocols for Mobile Networks," *Personal, Indoor and Mobile Radio Communications*, 1996 Seventh IEEE International Symposium. Date of Conference: vol. 3, pp. 1252-1256 (15-18 October 1996). |
| Tessa Lau, *et al.*, "Privacy Interfaces for Information Management," *Communications of the ACM*, vol. 42, issue 10, pp. 88-94 (October 1999). |

11

| G. Windfield Treese, *et al.*, "An Architecture for Security and Privacy in Mobile Communications" (submitted Oct. 19, 2001). |
| Ronald V. Clarke, *et al.*, "Modifying Criminogenic Products: What Role for Government?" *Crime Prevention Studies*, vol. 18, pp. 7-83 (July 2005). |

In addition, Global Connect incorporates by reference each and every prior art reference of record in the prosecution history of the '122 Patent and related applications, as well as the prior art discussed in the specification of that patent.

Global Connect also reserves all rights to supplement or modify these invalidity contentions and to rely on these references to prove invalidity of the asserted claims in a manner consistent with the Federal Rules of Civil Procedure and the Rules of this Court.

### b.      Motivation To Combine

The United States Supreme Court has clarified the standard for what types of inventions are patentable. *KSR Int'l Co. v. Teleflex Inc.*, 127 S. Ct. 1727 (2007). In particular, the Supreme Court emphasized that inventions arising from ordinary innovation, ordinary skill, or common sense should not be patentable. *Id.,* at 1732, 1738, 1742-1743, 1746. In that regard, a patent claim may be obvious if the combination of elements was obvious to try or there existed at the time of the invention a known problem for which there was an obvious solution encompassed by the patent's claims. In addition, when a work is available in one field of endeavor, design incentives and other market forces can prompt variations of it, either in the same field or a different one. If a person of ordinary skill can implement a predictable variation, § 103 likely bars its patentability.

Because the '122 Patent simply arranges old elements with each performing the same function it had been known to perform and yields no more than what one would expect from

12

such an arrangement, the combination of these old elements is obvious. *KSR Int'l* 127 S. Ct. at 1742.

Moreover, since there were a finite number of predictable solutions, a person of ordinary skill in the art had good reason to pursue the known options. *Id.* Indeed, a person skilled in the art would have been familiar with all the claim elements that the patentee used to distinguish the prior art during prosecution. The above identified prior art references merely use those familiar elements for their primary or well known purposes in a manner well within the ordinary level of skill in the art.  Accordingly, common sense and the teachings of the prior art render the claims invalid under either § 102 or § 103.

Also, a person of ordinary skill would have been motivated to combine the above prior art based on the nature of the problem to be solved, the teachings of the prior art, and the knowledge of persons of ordinary skill in the art. The identified prior art address the same or similar technical issues and suggest the same or similar solutions to those issues. Moreover, some of the prior art refers to or discusses other prior art, illustrating the close technical relationship among the prior art.

Furthermore, the Courts have long recognized that computers can be programmed to perform mental processes and can do so more quickly and accurately. *See, e.g., Gottschalk v. Benson*, 409 U.S. 63, 67 (1972) (recognizing in 1972 that existing computers long in use then could be programmed to carry out hand-performed processes); *Parker v. Flook* 437 U.S. 584 (1978) (recognizing the same in 1978); *see also SiRF Tech., Inc. v. United States Int'l Trade Comm'n*, 601 F.3d 1319, 1333 (Fed. Cir. 2010) ("In order for the addition of a machine to impose a meaningful limit on the scope of a claim, it must play a significant part in permitting the claimed method to be performed, rather than function solely as an obvious mechanism for

13

permitting a solution to be achieved more quickly, i.e., through the utilization of a computer for performing calculations.").

To the extent that Plaintiff challenges a combination of prior art with respect to a particular element, Global Connect reserves the right to supplement these contentions to further specify the motivation to combine the prior art. Google may rely on cited or un-cited portions of the prior art, other documents, and fact and expert testimony to establish that a person of ordinary skill in the art would have been motivated to modify or combine the prior art so as to render the claims invalid as obvious.

Below is an example of a prior art combination with respect to the assert Claim 1. This prior art combination is not exhaustive; rather, it is an illustrative example of the prior art combinations disclosed generally above. This exemplary combination is an alternative to Global Connect's anticipation, and thus, it should not be interpreted as indicating that any of the individual references included in the exemplary combination is not alone invalidating prior art under 35 U.S.C. §§ 102 and/or 103.

This example is Global Connect's 2004 System with its review and determination process completely automated.

As reflected in the claim chart of Ex. A (which shows anticipation of Claim 1-24 by Global Connect's 2004 System under Plaintiff's apparent claim construction), if Global Connect's current system is an infringing system as Plaintiff contends, Plaintiff cannot dispute that Global Connect's 2004 System meets, at least, the preamble and limitations [b], [d], and [e] of Claim 1.

In August 2004, Global Connect's client Dovetail Consulting scheduled a broadcast of a prerecorded message to be sent on August 14, 2004 to residences in the 732 area code and in the

14

973 area code. On August 14, 2004, this scheduled broadcast was made by Global Connect's 2004 system from Global Connect's Philadelphia data center. During this broadcast, Global Connect's 2004 System (a) sent the prerecorded message via VoIP telephone calls (each having a caller ID of 732-933-1934) to the residences in the 732 area code and (b) sent the prerecorded message via VoIP telephone calls (each having a caller ID of 973-244-8046) to the residences in the 973 area code. Global Connect's 2004 system originated and sent these calls using the same method as being used today by Global Connect's System.  Based upon NobelBiz's positions in its infringement claim chart, such acts would meet the preamble and limitations [b], [d], and [e].

Further, as reflected in the claim chart of Ex. A, in Global Connect's 2004 System, the review and determination process involving the caller IDs was performed by a person (such as a Global Connect employee) using Global Connect's 2004 System.  There is nothing in Claim 1 (or any other claims) that requires this review and determination process in Global Connect's 2004 system be done by computer completely in the absence of human interaction.

However, even if Claim 1 requires the review and determination process be performed by the system completely in the absence of human interaction, it was the epitome of obviousness to have a computer do so to achieve the exact same result (*i.e.*, take multiple telephone numbers stored on Global Connect's 2004 System (limitation 1[a]) and perform the review and determination process for the telephone numbers in the client's call lists (limitation 1[c])).

It is obvious to apply a known technique to a known device to yield a predictable result, which (under NobelBiz's interpretation of the Claim 1) is precisely what is present here.

Global Connect completely automated the review and determination process in October 2007 because it was more quick, economic, and accurate to do the process without requiring human interaction with a computer (*i.e.*, without a person interacting with Global Connect's

15

2004 System to perform the review and determination process). Moreover, it took less than a week to program the computer to do the review and determination process completely automated. The Courts have long recognized that computers can be programmed to perform mental processes, can do so more quickly and accurately, and programming a computer to do so is not an invention (since it would be obvious).

**B.     P.R. 3-3(b): Anticipation And/Or Obviousness**

Global Connect incorporates Section A above (regarding P.R. 3-3(a)) in this Section B, including the right to amend and/or supplement.

**C.     P.R 3-3(c): Claim Charts**

Global Connect attached hereto Exs. A-K, which are charts that identify with specificity where in the prior art each element of each asserted claim is found.  Global Connect is unaware of any element in Claims 1-24 of the '122 Patent that is governed by 35 U.S.C. § 112, ¶ 6.

Specifically Exs. A-K are claim charts regarding the following prior art:

| Ex. | Prior Art | Bates Range |
| --- | --- | --- |
| A | Global Connect's 2004 System | Within GC000434-GC000833 |
| B | Lippincott, Melanie G., *Users Guide* (September 2004), Global Connect Strategic Voice Broadcasting, produced by Global Connect, (September 15, 2004) ("September 2004 GC Users Guide"). | GC000610-GC000650 |
| C | U.S. Patent No. 7,640,009 to Belkin, *et al*. (the "Belkin '009 Patent) | GC000936-GC000946 |
| D | U.S. Patent No. 8,027,332 to Martin, *et al*. (the "Martin '332 Patent") | GC000907-GC000916 |
| E | U.S. Patent No. 5,901,209 to Tannenbaum, *et al*. (the "Tannenbaum '209 Patent") | GC000844-GC000858 |
| F | U.S. Patent No. 7,925,003 to Haug, Jr., *et al*. (the "Haug, | GC000959-GC000970 |

16

| Ex. | Prior Art | Bates Range |
|---|---|---|
| | Jr. '003 Patent") | |
| G | U.S. Patent Application No. 11/286,310 to Black, *et al.* (the "Black '310 Application") (This application was published as U.S. Patent Appl. Publ. No. 20060140200) | GC000859-GC000906 |
| H | U.S. Patent No. 7,756,253 to Breen, *et al.* (the "Breen '253 Patent") | GC000947-GC000958 |
| I | U.S. Patent No. 5,590,184 to London (the "London '184 Patent") | GC000917-GC000926 |
| J | U.S. Patent Application No. 10/655.880 to Giannoit (the "Giannoit '880 Application") (This application was published as U.S. Patent Appl. Publ. No. 20050053213) | GC000834-GC000843 |
| K | Torrone, Phillip, *Questions about the Caller ID falsification service answered*, www.engadget.com (August 31, 2004) ("Torrone") | GC001923-GC001926 |

As noted above, Global Connect also incorporates into this response the chart (or charts) prepared by TCN (defendant in the companion case Civil Action No. 6:12-cv-247) regarding TCN's prior art method and system that TCN has attached to its Disclosure of Invalidity Contentions and Document Production Accompanying Invalidity Production according to Rules of Patent Cases before the Eastern District of Texas (which are due to be served by TCN upon Plaintiff contemporaneously with the service of this Disclosure upon Plaintiff by Global Connect).

As also noted above, Global Connect may rely on un-cited portions of the prior art references, other documents including statements in the cited references and file history for the '122 Patent, and expert testimony to provide context or to aid in understanding the cited portions in these charts for these references. Furthermore, where Global Connect cites to a particular figure in these charts for a reference, the citation should be understood to encompass the caption

17

LV 419985492v1

and description of the figure and any text relating to the figure. Similarly, where Global Connect

cites in these charts to particular text referring to a figure, the citation should be understood to

include the corresponding figure as well.

Moreover, Global Connect incorporates Section A above (regarding P.R. 3-3(a)) in this

Section C, including the right to amend and/or supplement.

**D.      P.R. 3-3(d): Indefiniteness, Enablement, or Written Description**

**1.      Invalidity Under 35 U.S.C. § 112, ¶ 1**

Under Plaintiff's apparent claims construction in Plaintiff's infringement contentions,

each of Claims 1-24 of the '122 Patent is invalid for lack of enablement and for lack of written

description.  The breadth of these claims (under Plaintiff's apparent claim construction) is far

beyond the disclosure of the '122 Patent.  Thus, all claims are not supported by the written

description of the '122 Patent and not enabled in the '122 Patent.

This includes for the following claim limitations:

(a)      "replacement telephone number" – Under NobelBiz's apparent claim

construction, NobelBiz appears to be asserting that the term "replacement

telephone number" is broad enough to encompass embodiments where: (1) a

phone call is originated with a first telephone number in the caller ID field, which

number is replaced with a second telephone number (which second telephone

number being the "replacement telephone number"); and (2) a phone call is

originated with a first telephone number in the caller ID field, where the first

telephone number is selected from a plurality of possible caller ID numbers such

that the first telephone number is local to the number being called (for example,

VoIP call origination) (which first telephone number being the "replacement

18

telephone number"). The '122 Patent does not provide a written description or enablement of embodiments of the second scenario. While Global Connect disagrees that the term can be properly construed to encompass the second scenario, if the Court finds otherwise, such breadth is not supported by the written description of the '122 Patent and/or is not enabled by the '122 Patent.

(b)     "modify caller identification data of the call originator to the selected replacement telephone number" – Under NobelBiz's apparent claim construction, NobelBiz appears to be asserting that the phrase "modify caller identification data of the call originator to the selected replacement telephone number" is broad enough to encompass embodiments where: (1) a phone call is originated with a first telephone number in the caller ID field, which number is replaced with a second "replacement telephone number;" and (2) a phone call is originated with a first telephone number in the caller ID field, where the first telephone number is selected from a plurality of possible caller ID numbers such that the first telephone number is local to the number being called (for example, VoIP call origination). The patent does not provide a written description or enablement of embodiments of the second scenario. While Global Connect disagrees that the term can be properly construed to encompass the second scenario, if the Court finds otherwise, such breadth is not supported by the written description of the '122 Patent and/or is not enabled by the '122 Patent.

**2.      Invalidity Under 35 U.S.C. § 112, ¶ 2**

Under Plaintiff's apparent claims construction in Plaintiff's infringement contentions, each of Claims 1-24 of the '122 Patent is invalid for indefiniteness of the following terms:

    (a)    "<u>The selected replacement telephone number having an area code from a geographic region the same as a geographic region of an area code of the telephone number of the call target</u>" (in Claims 6 and 16 of the '122 Patent).

    (b)    "<u>Replacement telephone number</u>" (in all Claims of the '122 Patent).

### E.      Further Response

In addition to the response provided below under P.R. 3-3, Global Connect incorporates herein in its entirety the response provided by joint defendant TCN in the companion case before this Court (Civil Action No. 6:12-cv-247).

## II.      P.R. 3-4: Document Production Accompanying Invalidity Contentions

The documents bearing the Bates ranges below are being sent by Federal Express on April 26, 2013 to arrive April 27, 2013 to the counsel for Plaintiff and also for the counsel for TCN.

| P.R. | Materials | Bates Range |
|------|-----------|-------------|
|       | '122 Patent Family Materials (Patents and Prosecution Histories) | GC000001-GC000433 |
| 3-4(a) | Global Connect's System (including current Global Connect's System) | GC000434-GC000833 |
| 3-4(b) | Global Connect's System (including prior art Global Connect's System) | GC000434-GC000833 |
|        | Other Prior Art | GC000834-GC001926 |

*LV 419985492v1*

Respectfully submitted,

**GREENBERG TRAURIG LLP**

*/s/ Ross Spencer Garsson*
Gregory J. Casas
Texas Bar No. 00787213
Ross Spencer Garsson
Texas Bar No. 00784112
300 West 6th Street, Suite 2050
Austin, Texas 78701
Telephone: 512.320.7200
Facsimile: 512.320.7210

***Attorneys For Defendant***
***Global Connect, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of April 2013, counsel of record who are deemed to have consented to electronic service are being serviced with a copy of this document via electronic mail.  A copy of this document is also being sent to counsel for TCN, Inc.

/s/Ross Spencer Garsson
Ross Spencer Garsson

21